6     43
113   363

## DAUMIEL v. GORHAM.

Where the goods of a third party are mixed with the property, or in the apparent possession of, the judgment debtor, the sheriff is not liable for levying on them as the property of the debtor, unless there has been notice and demand of the goods by the owner, and a delay or refusal to deliver.

Where no such notice or demand was proved, it was error to charge the jury "that the sheriff was a trespasser, and that they were to find the value of the goods."

APPEAL from the District Court of the Twelfth Judicial District.

Action of trespass against the defendant as Sheriff of San Francisco County, for seizing goods of plaintiff. The defence set up is, that the goods were seized under three attachments against Henry Meiggs; that the property when seized was the property and in the possession of said Meiggs.

Daumiel *v.* Gorham.

The evidence shows that the plaintiff had purchased and paid for the property described in his complaint, and had stored them in Meiggs' mill, where a portion of them were proved to have been seized by the defendant, but not sold or removed. The value of the property was proved, but there was a conflict in the testimony as to a·notice of his claim and demand of the property by the plaintiff upon the defendant and the keeper in charge, and as to the delay or refusal of the defendant to deliver the goods to plaintiff.

The Court charged the jury that the defendant, in levying on the property, was a trespasser, and that the jury were to find the value of the property, and refused instructions asked for by defendant, to the effect that if the goods were in the possession of Meiggs when seized, the defendant was not liable as a trespasser, unless it was shown that the plaintiff had designated and demanded them, and that defendant had refused to deliver them; which is assigned as error.

*Robinson, Beatty & Sackett* for Appellant.

1. The Court below erred in charging the jury that the defendant had committed a trespass, as it took from the jury the finding of the facts, and also because the Court therein assumed that to be law which is not.

The mere making a levy is not a trespass, unless the officer afterwards prevent the owner from assuming the control of the property. 14 Wend., 201–4. The evidence on this point was contradictory, and was a question for the jury.

2. The plaintiff's property being mingled with that of Meiggs, so that the sheriff had no means of distinguishing the one from the other, there could be no trespass until after notice and demand. 7 Mass., 123–7; 13 Wend., 296–8.

Notice upon the sheriff's keeper in charge of the goods, will not bind the sheriff. 8 Ala., 519; Kent's Com., 630 and note.

*Jo. G. Baldwin* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

Where the goods of a third person are mixed with the property, or in the apparent possession of the judgment debtor, a sheriff who levies upon them, supposing them to belong to the defendant in execution, is not liable as a trespasser *ab initio.* In order to charge him it is necessary to show a notice and demand of the goods, and a delay or refusal to deliver.

The Court below erred in instructing the jury that "the sheriff was a trespasser, and that they were to find the value of the goods." This was virtually withdrawing the case from the jury, and assigning either as a conclusion of law, that the officer was primarily liable, or as a conclusion of fact from the testimony, that a demand and refusal had been proved, about which there was much contradictory evidence.

Judgment reversed and new trial ordered.