## THE. PEOPLE *ex rel.* ANDERSON *v.* DURICK.

THE offices of County Clerk and County Recorder are distinct offices, though they may be held by the same person; and it makes no difference in the character of the office whether the law declares in terms that the Clerk shall also be Recorder, or declares that the Clerk shall be *ex officio* Recorder.

In 1858, a law was passed separating the office of County Recorder of Shasta county from that of County Clerk, and making the Recorder *ex officio* Clerk of the Probate Court. In 1860, by the general Revenue Act, the County Clerk was made *ex officio* Recorder. By the Revenue Act of 1861, County Recorders were again required to be elected separately. Each of the Revenue Acts contained a clause repealing all laws and parts of laws in conflict with its provisions, but neither contained any provisions inconsistent with that of the law of 1858, which made the Recorder *ex officio* Clerk of the Probate Court: *Held,* that a Recorder elected in 1861 was Clerk of the Probate Court—the office of Probate Clerk having remained attached to that of Recorder during the whole period.

An act containing a clause repealing all acts and parts of acts inconsistent with its provisions, but not repealing by name a previous act on the same subject matter, leaves in force all such portions of the previous act as are not in conflict · with its provisions.

APPEAL from the Ninth District.

At the general election in September, 1861, the relator was elected to the office of County Clerk, and the defendant to the office of County Recorder of Shasta county, and on the fourth day of October thereafter, each entered upon the discharge of the duties of his said office. For the two years previous, the defendant had been County Clerk of said county. On the third day of December, 1861, the relator applied, upon affidavit to the District Judge of the Ninth District, for a *mandamus* to compel the delivery to him by defendant of the records, papers, seals, etc., belonging to the office of Clerk of the Probate Court of said county, the affidavit averring that the relator, by virtue of his office of County Clerk, was *ex officio* Clerk of the Probate Court, and entitled to its records, etc., which were withheld by defendant, who was his predecessor in said office of Probate Clerk. Defendant answered, averring that he was Clerk of the Probate Court by virtue of his office as Recorder, and was entitled therefore to the records. On the showing of the parties, the Judge awarded a peremptory writ of *mandamus* in favor of the relator,

on the ground that the County Clerk, and not the County Recorder, was *ex officio* Clerk of the Probate Court. From this order this appeal is taken.

The Act of March 31st, 1858, referred to in the opinion, was a. special act for Shasta county.

*E. Garter*, for Appellant, cited *Dunham* v. *Supervisors of Placer county* (17 Cal. 413).

*R. T. Sprague*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J.. and COPE, J. concurring.

By the Act of March 31st, 1858, the office of County Recorder was separated from that of County Clerk, and the Recorder was made *ex officio* Clerk of the Probate Court. By the seventy-fourth section of the Revenue Act of 1860, the County Clerk is made *ex officio* Recorder, and he thus became Clerk of the Probate Court, but he became so by virtue of his office of Recorder. The Recorder is the Clerk of the Probate Court, and it is immaterial whether the Recorder acquires his office by election, independently of any other office, or whether it is conferred upon him by law, in consequence of his holding some other office. The offices of County Clerk and of County Recorder are distinct offices, though they may be held by the same person, and it makes no difference in the character of the office whether the law declares in terms that the Clerk shall also be Recorder, or declares that the Clerk shall be *ex officio* Recorder. By the forty-ninth section of the Revenue Act of 1861, County Recorders are to be elected separately; but in neither of these Revenue Acts are there any provisions inconsistent with his right to exercise the office of Clerk of the Probate Court, and hence the repeal by these acts of all laws or parts of laws in conflict with them does not have the effect of repealing those provisions of the law of 1858 by which the Recorder was made *ex officio* Clerk of the Probate Court. The Act of 1858 has not been repealed by name, and although such parts are repealed as are in conflict with the Revenue Acts of 1860 and 1861, it cannot be held that it is

altogether repealed. So much of it as makes the County Recorder *ex officio* Clerk of the Probate Court is still in force, and as the defendant is the duly elected County Recorder, he is entitled to discharge the duties of such Clerk, and to retain the custody of the books and papers. It is not necessary to decide whether the *mandamus* would be the proper remedy to obtain these books if the relator was entitled to them.

The judgment is reversed, and the Court below directed to dismiss the writ of mandamus.