# THE PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* C. C. RYNERSON *v.* J. M. KELSEY.

CERTIFICATE OF ELECTION TO *ex officio* OFFICE.—It is not essential to the right of entry on the discharge of the duties of an *ex officio* office, that the incumbent should receive a separate certificate of election thereto, or take therefor a separate oath of office, when not specially so required by the Act creating or regulating such office.

CONSTITUTIONAL POWER OF LEGISLATURE.—The Legislature has the constitutional power by enactment to divest an officer of an *ex officio* office to which he had been elected and duly qualified, by a repeal of the law under which he became invested therewith, provided, where such office be created under the Constitution, such repeal does not in effect abolish such office.

IDEM.—In such case, however, this power does not extend to the transfer of an *ex officio* office which, under the Constitution, is required to be filled by election, to the incumbent of another office who has not been elected to such *ex officio* office.

IDEM.—The clause, to wit: "Assessors and Collectors of town, county, and State taxes shall be elected by the qualified electors of the district, county or town in which the property taxed for State, county or town purposes is situated," contained in section thirteen of Article XI of the Constitution, is imperative and mandatory, and restricts the power of the Legislature to a particular mode of providing such Assessors and Collectors in the first instance, subject to such mode of filling vacancies which may be occasioned by the death, resignation, or other legal disability of the incumbent as the Constitution has, and statute law may provide.

IDEM.—The Legislature may by law devolve the office and duties of Tax Collector upon the incumbent of any other elective office, but such law must precede the election of such officer, and his election must be by the qualified electors of the Tax Collector's District.

IDEM—ACT OF APRIL 2d, 1866, RESPECTING OFFICE OF TAX COLLECTOR OF SAN JOAQUIN COUNTY.—The Act entitled "An Act making the County Treasurer of San Joaquin County *ex officio* Tax Collector," passed April 2d, 1866, was not designed to fill a vacancy in the office of Tax Collector, but it was to make the Treasurer, instead of the Sheriff, of San Joaquin County Tax Collector. In so far as the Act provides for the transfer of said office to take place before an election of such Treasurer occurs, it is unconstitutional and void.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*J. G. McCullough,* Attorney General, *John C. Byers,* and *L. W. Elliott,* for Appellant, argued against the constitutionality of the Act of April 2d, 1866, providing for a transfer

of the office of Tax Collector of San Joaquin County from the Sheriff to the Treasurer of said county, so far as said Act affected appellant and respondent; and cited *Lathrop* v. *Brittain*, 30 Cal. 680; *Sears* v. *Dixon*, 33 Cal. 326; *Aulanier* v. *Governor*, 1 Texas, 653; *Johnson* v. *Wilson*, 2 N. H. 202; *Morrell* v. *Sylvester*, 1 Greenleaf, 248; U. S. Dig. 522, Sec. 35; *People* v. *Scannell*, 7 Cal. 432; *State* v. *Findlay*, 10 Ohio, 51; *People* v. *Wells*, 2 Cal. 204, 205.

*E. S. Pillsbury*, and *J. H. Budd*, for Respondent.

I. The facts found by the Court do not establish the right of relator to the office of Tax Collector, and are not inconsistent with the right of defendant thereto, and the judgment of the Court below in favor of defendant should be affirmed. The relator did not receive any votes for the office of Tax Collector; he was not declared elected to that office; he did not take the oath of office as Tax Collector; nor did he file an official bond as such within the time prescribed by statute. The proof that relator received votes as Sheriff is not proof that he received any votes as Tax Collector, notwithstanding the statute making the Sheriff *ex officio* Tax Collector. (*Lewis* v. *Myers*, 3 Cal. 475; 8 Johns. 148; 1 Johns. 33.)

II. The statute provides that an office shall become vacant on the happening of either of the following events: 1st. Resignation of incumbent. 2d. His removal from office. 3d. His insanity. 4th. Conviction of incumbent of a misdemeanor in office. 5th. A refusal or neglect of the person elected or appointed to take the oath of office, as prescribed in section 17 of the Act concerning officers, (Hittell, 4,735,) or his refusal or neglect to file his official bond within the time prescribed. (Hittell, 4,739.) 6th. The non-residence of the incumbent in the district in which the duties of his office are to be exercised. 7th. The non-performance of the duties of his office by incumbent for a period of three consecutive months. 8th. The decision of a competent tribunal declaring the election or appointment void or the office vacant.

(Hittell, 4,741.) How many or which of such events were proven on the trial do not appear from the record on appeal, by reason of the failure of relator to prepare a statement on the appeal. But the presumption is that the evidence sustained the judgment of the Court below, and that recites that a vacancy in the office did exist. (*Lyons* v. *Leimback*, 29 Cal.; *People* v. *Jewett*, 6 Cal. 291.)

III. If the relator had conferred on him by the Legislature the right, as Sheriff, *ex officio* to discharge the duties and receive the emoluments of the office of Tax Collector, the Legislature must also be conceded to have the power to repeal, in whole or in part, the law conferring on relator such right, and to confer the same on a person holding some other non-judicial county office. (*Benford* v. *Gibson*, 15 Ala., N. S., 523; *Butler* v, *Pennsylvania*, 10 How. U. S. 435.)

IV. The duration of the office of Tax Collector is not fixed by the Constitution, (Const., Art. XI, Sec. 13,) and the term of such office can be fixed or abridged by the Legislature. (*People* v. *Haskell*, 5 Cal. 357, and cases therein stated. The Legislature transferred to relator the duties of Tax Collector, and the same power which placed them in the hands of the relator could divert them and place them in other hands. (*Attorney General* v. *Squires*, 14 Cal. 17.)


By the Court, Sprague, J.:

This is an action in the nature of quo warranto to inquire into the rights of the respective parties to hold and discharge the duties of the office of Tax Collecter in and for the County of San Joaquin.

The appellant Rynerson, at the general election held on September 6th, 1865, was elected Sheriff of San Joaquin County, and after receiving his certificate of election to said office, duly qualified for the performance of the duties of the office of Sheriff of said county. At the time of the election and qualification of appellant, as such Sheriff, the statute of the State devolved upon the Sheriff of San Joaquin County the

duties of Tax Collector of the county.  Appellant did not receive any separate certificate of election as Tax Collector of the county, but prior to his entering upon his duties as Sheriff, to wit : on the 20th day of February, 1866, he filed his bond as Tax Collector, which was duly approved, and on the first Monday of March, 1866, he entered upon the duties of the office of Sheriff of said county, and *ex officio*, as Sheriff, discharged the duties of Tax Collector of the county, without having taken any oath of office, other than that as Sheriff, until the first Monday of March, 1867.   The respondent was elected Treasurer of San Joaquin County at the general election in 1865, at the same time appellant was elected Sheriff, and entered upon the duties of his office, as such Treasurer, on the first Monday of March, 1866.   On the 2d day of April, 1866, an Act of the Legislature was passed and approved, making the Treasurer of San Joaquin County *ex officio* Tax Collector of said county, and providing that the Act should " take effect and be in force from and after the first Monday of March, 1867."   Prior to the first Monday of March, 1867, respondent, who then was, and since the first Monday of March, 1866, had been, and still is the duly elected, qualified and acting Treasurer of San Joaquin County, filed a bond as Tax Collector of the county, with his official oath as such Collector indorsed thereon ; and, on the first Monday of March, 1867, entered upon the duties of the office, excluding the appellant therefrom, and ever since has continued to hold it and to discharge the duties thereof to the exclusion of appellant.

The record discloses that the case was tried by the Court below, without a jury, and upon the very full and explicit findings of fact the Court gave judgment in favor of respondent and against relator for costs, and the case now comes to this Court upon the judgment roll, on appeal by relator.

As we view the case, the only material question involved is as to the constitutionality of the Act of April 2d, 1866 (Stats. 1865–6, p. 689,) making the Treasurer of San Joaquin

County *ex officio* Tax Collector, and devolving the office and duties of Tax Collector upon a person or officer not elected to fill the office, and during the term of office of the regularly elected and qualified Tax Collector.

The relator was elected Sheriff, September 6th, 1865; at the time of his election the law applicable to San Joaquin County provided that the Sheriff should be *ex officio* Tax Collector of the county. By virtue then of his election to the office of Sheriff, he was at the same time, by the electors of the county, designated and elected Tax Collector.

It was not essential for him to receive a separate certificate of election, or make, or file a separate oath of office as Tax Collector. His certificate of election and oath of office as Sheriff, filing and approval of his official bond as Sheriff within the time prescribed by law, and filing and approval of the additional bond required as Tax Collector, prior to entering upon the duties of the office of Sheriff, were sufficient.

Having, then, duly qualified as Sheriff and *ex officio* Tax Collector of the county, he entered upon the duties of the office on the first Monday of March, 1866, and was entitled to hold and enjoy the same for the term of two years, unless the office became vacant by the happening of some one of the events enumerated in section twenty-three of the Act concerning officers, approved April 22d, 1863. (Stats. 1863, p. 386.)

It is claimed on the part of respondent that, as the Legislature conferred on the relator the right, *ex officio*, as Sheriff, to discharge the duties of the office of Tax Collector, it must be conceded to have the power to repeal, in whole or in part, the law conferring such right on the relator, and to confer the same on any other person holding some other county office. The proposition, as stated, cannot be maintained.

Although we admit the legislative power to repeal the law devolving the duties of Tax Collector upon the Sheriff, and thereby to deprive the Sheriff of the right to perform the duties of Tax Collector, provided such repeal does not, in

effect, abolish the office of Tax Collector, it does not follow that the Legislature has the power of conferring the duties of Tax Collector on any other county officer or person not not elected to the office by the electors of the county.

The last clause of section thirteen, of Article VI, of our State Constitution requires that " Assessors and Collectors of town, county and State taxes shall be elected by the qualified electors of the district, county or town in which the property taxed for State, county or town purposes is situated."

This clause of the Constitution is imperative and mandatory, and restricts the power of the Legislature to a particular mode of providing Assessors and Collectors of town, county and State taxes in the first instance, subject to such mode of filling vacancies which may occur by the death, resignation or other disability of the incumbent, as the Constitution has and statute law may provide.

Unquestionably the Legislature may by law provide that the County Treasurer, Sheriff or any other county officer shall perform the duties of Tax Collector; but the law devolving such *ex officio* duty upon any county officer, must precede the election of such officer, so that the electors of the county may have an opportunity under the law of selecting the person or officer charged with the duties of Tax Collector.

At the date of the passage of the statute devolving the duties of Tax Collector of San Joaquin County upon the respondent, as Treasurer of the county, viz: April 2d, 1866, it is not pretended a vacancy had occurred in the office of Tax Collector, nor that such vacancy had been in any legal manner declared on the first Monday of March, 1867, the day upon which said statute, by its terms, took effect, and respondent entered upon the duties of Tax Collector and excluded appellant therefrom.

The statute was not enacted for the purpose of filling a vacancy in the office of Tax Collector actually existing or prospective.

Its design is to make the Treasurer of San Joaquin County *ex officio* Tax Collector, instead of the Sheriff. This the Legislature could not accomplish until after a Treasurer had been elected, under the law, by the qualified electors of the county.

But so far as the Act assumes to transfer the duties of the office of Tax Collector from the Sheriff, an officer elected in contemplation of performing the duties of Tax Collector, to the Treasurer, an officer not selected by the electors of the county as Tax Collector, from the first Monday of March, 1867, to the first Monday of March, 1868, it is manifestly in conflict with the spirit and letter of the clause of our State Constitution hereinbefore quoted. (*Merrill* v. *Gorham*, 6 Cal. 43 ; *People* v. *Hastings*, 29 Cal. 451.)

Judgment reversed, and cause remanded with directions to the Court below to enter judgment against defendant, and in favor of relator as prayed for.