## FREEMAN MILLS *v.* H. S. SARGENT.

| 36  | 379 |
| 114 | 121 |
| 36  | 379 |
| 143 | 420 |

ELECTION OF TAX COLLECTOR.—Although the Legislature cannot by law transfer the duties of the office of Tax Collector from a person elected as such to one who was not so elected, yet it may provide for the election of a person as Tax Collector who may enter upon the discharge of his duties before the expiration of the term of a Tax Collector elected under the law as it previously existed.

LAW UNCONSTITUTIONAL IN PART.—A law which cannot take effect as to one part of its subject matter, because it is unconstitutional as to that part, may take effect as to another part of its subject matter which is constitutional.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The judgment of the Court below was for the defendant. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Byers & Elliott*, for Appellant.

The law of 1866, under which respondent claims, proposed to transfer the office of Tax Collector from the Sheriff to the Treasurer on the first Monday in March, 1867. We consider the unconstitutionality of that Act settled in the case of *Rynerson* v. *Kelsey*. It is there held that the law could not go into effect on the day named because the Treasurer had not been elected as a Tax Collector. If a law cannot go into effect on the day named in the Act, it can never go into effect. We know of no power or authority outside of the Legislature to declare that after certain events had transpired that the law should then be restored to life. This would be a resurrection which only could be effected by legislative enactment. The law, by its terms, must take effect on the day decreed by the Legislature. If the Legislature attempted to do something on a certain day which was constitutionally impossible, it is no less void because there was a time in the future when it might be done.

*J. H. Budd*, and *E. S. Pillsbury*, for Respondent.

We respectfully submit that counsel for appellant err in their view that this Act was declared wholly unconstitutional in *Reynerson* v. *Kelsey;* and we contend that this Court held it to be unconstitutional so far only as it affected the vested rights of the incumbent of the Sheriff's office at the time of its passage. The Court says:

"But so far as the Act assumes to transfer the duties of the office of Tax Collector from the Sheriff, an officer elected in contemplation of performing the duties of Tax Collector, to the Treasurer, an officer not selected by the electors of the county as Tax Collector, from the first Monday of March, 1867, to the first Monday of March, 1868, it is manifestly in conflict with the spirit and letter of the clause of our State Constitution hereinbefore quoted."

And in the further support of our theory concerning that Act, we quote from that decision this clause:

"Its design is to make the Treasurer of San Joaquin County *ex officio* Tax Collector, instead of the Sheriff. This the Legislature could not accomplish until after a Treasurer had been elected under the law by the qualified electors of the county."

We understand that the Court, when they say that "this the Legislature could not accomplish until after a Treasurer had been elected under the law," refer to the Act in question, and necessarily imply that such election may be had under this Act, and thus recognize its existence. We think that the quotation of appellant is thus modified, and that this Court has taken studious care, in that decision, to leave it unsaid that the Act is altogether void.

When part only of a statute is repugnant to the Constitution, that part only will be adjudged void. (*Fisher* v. *McGirr et als.*, 1 Gray, 1; *Clark* v. *Ellis*, 2 Blackf. 8.)

Our view is that this Act took effect at the time designated therein, and was a valid law to make the County Treasurer of San Joaquin County *ex officio* Tax Collector, if elected to that office subsequent to its passage, but that it could not constitutionally effect the removal of the duly elected incumbent, and that all previous Acts in conflict therewith were by it repealed.

As to the question, if it is possible for this law ever to take effect if it did not on the day decreed by the Legislature, we maintain that if it did not take effect on the first Monday in March, 1867, it must be allowed to take effect as soon as possible thereafter, on the general question "when an Act takes effect." (*People* v. *McGuire*, 32 Cal. 40; *Burn* v. *Carvalho*, 4 Nev. & Man. 889; Sedgw. on Stat. and Cons. Law, 82.)

The Act says it shall take effect from and after the first Monday in March, 1867—not simply from that time.

By the Court, SAWYER, C. J.:

This is an action to try the right to the office of Tax Collector for the County of San Joaquin, brought by Mills, who was duly elected Sheriff of said county at the regular general election in 1867, for the term of two years from the first Monday of March, 1868, against Sargent, who, at the same election was regularly elected Treasurer and *ex officio* Tax Collector for a similar term, in pursuance of a proclamation of the Board of Supervisors, that a Treasurer and *ex officio* Tax Collector would then be elected, and who, after such election, regularly qualified and entered upon the duties of said two offices.

Under the law, as it stood prior to April 2d, 1866, the Sheriff was *ex officio* Tax Collector in the County of San Joaquin, and a Sheriff and *ex officio* Tax Collector was elected to said offices by the people at the regular election of 1865, for the term of two years from the following March. On the 2d of April, 1866, while said term was still running, a new Act was passed by the Legislature repealing the provision that the Sheriff should be *ex officio* Tax Collector, and enacting, that "the Treasurer of the County of San Joaquin shall be *ex officio* Tax Collector of said county;" and, thereupon, the Treasurer, who had been elected in September, 1865, for a term of two years, while the former law was in force, claimed that, by virtue of said law, he at once became Tax Collector for the balance of the term. In a contest between the said officers we held, that, under the Constitution which required a Tax Collector to be elected, as such, by the people, it was incompetent for the Legislature, after a Tax Collector had been elected for a term by the people, to transfer the office from the party so elected with a view to that office, to another party who was not elected with any view to a discharge of so important duties. (*Rynerson* v. *Kelsey*, 34 Cal. 470.) It is now claimed by appellant, that the necessary result is, that the whole Act is unconstitutional.

We certainly did not so hold, but expressly limited our

decision to the point involved. We said: "But so far as the Act assumes to transfer the duties of the office of Tax Collector from the Sheriff, an officer elected in contemplation of performing the duties of Tax Collector, to the Treasurer, an officer not selected by the electors of the county as Tax Collector, from the first Monday of March, 1866, to the first Monday of March, 1868, it is manifestly in conflict with the spirit and letter of the Constitution, hereinbefore quoted." There is no force in the argument that because the Act could not have effect so far as it attempted to transfer the duties from an officer, already elected by the people expressly to discharge them, to one not elected with that view, the law cannot take effect at all with reference to any part of its subject matter. On the contrary, we are clear that the law did take effect upon the general subject matter, so that any Treasurer, who should thereafter be regularly elected, would be *ex officio* Tax Collector. At the next general election the Board of Supervisors, in their proclamation, made in pursuance of the statute, stated that a Treasurer would be elected, who would be *ex officio* Tax Collector; and the people, under the law, elected a Treasurer with the express understanding that he would act in the double capacity of Treasurer and Tax Collector, and this is in strict conformity with the constitutional requirements.

We have no doubt that respondent, Sargent, is lawfully exercising the duties of the office of Tax Collector.

The judgment is, therefore, affirmed, and the remittitur directed to be issued forthwith.