[No. 8,995. In Bank.—March 21, 1884.]

## L. T. KINSEY, APPELLANT, v. GEORGE A. KELLOGG, RESPONDENT.

COUNTY CLERK—SEPARATION OF OFFICES—SALARY.—On February 28, 1876, the offices of county clerk, auditor, and recorder of Humboldt County were united in the same person. On that day the legislature passed an act fixing the annual salary of the clerk for all services required of him in these several offices at $5,000. Subsequently, by an act of the legislature, Humboldt County was constituted a county of the second class, and the board of supervisors separated the offices of auditor and recorder from that of county clerk, and fixed the salary of the latter at $2,700. *Held,* that the act was intended to fix the salary for the several offices while they were united in the same person, and that when the offices were separated, the clerk was not entitled to receive the salary intended for all ; and that as the act did not determine how much should be paid on account of each of the offices, it became inoperative when the separation occurred.

ID.—BOARD OF SUPERVISORS.—In the absence of any law fixing the compensation of the county clerk, the board of supervisors had authority to fix it.

APPEAL from a judgment of the Superior Court of the county of Humboldt.

The facts appear in the opinion of the court.

*S. M. Buck,* for Appellant.

*J. J. De Haven,* for Respondent.

McKINSTRY, J. — February 28, 1876, the following legislative act was approved by the governor : —

"SECTION 1. The county clerk of Humboldt shall receive for all services required of him as county clerk and *ex-officio* clerk of the District Court, Probate Court, board of supervisors, board of equalization, auditor, and *ex-officio* county recorder, a salary of $5,000 per annum, which salary shall be in full for all services required of and performed by him, and it shall be paid monthly out of the county treasury. He shall collect and safely keep all fees of whatever kind or nature allowed him by law for services rendered by him in his *several official capacities,* and upon the first Monday of each and every month, shall pay the same over to the county treasurer of said county, and at the same time shall make out and file with said treasurer a full and accurate statement under oath of all fees, of whatever kind or capacities, for the preceding month.

"SEC. 2. This act shall take effect and be in force from and after the first Monday in March, eighteen hundred and seventy-eight. And all acts and parts of acts, so far as they conflict with the provisions of this act, are hereby repealed." (Stats. 1875–76, p. 81.)

By the census taken in the year 1880, Humboldt County was found to contain a population exceeding eight thousand and less than twenty thousand inhabitants. The county was organized as a county of the second class, and since July 1, 1881, has had at all times a board of supervisors consisting of five members, and other officers prescribed for counties of the second class. (Pol. Code, §§ 4006, 4007, 4025.)

The board of supervisors did not, at any time prior to the election of plaintiff as county clerk, as hereinafter mentioned, unite or consolidate the office of county clerk with those of

recorder or auditor, or either of them. The board of supervisors, by an ordinance duly adopted on the 8th day of July, 1882, united and consolidated the offices of recorder and auditor, and caused such ordinance to be duly recorded and published for three months before the general election held November 7, 1882. (Pol. Code, § 4106.)

At such general election plaintiff was elected county clerk, and defendant recorder and *ex-officio* auditor of Humboldt County. Plaintiff entered upon the discharge of the duties of county clerk on the first Monday of January, 1883, and defendant commenced to act as recorder and auditor on the 8th day of January, 1883, and has ever since discharged the duties of said offices.

On the 8th of February, 1883, the board of supervisors of Humboldt fixed and determined the annual salary of the clerk at $2,700.

After plaintiff had served one month as county clerk, and on the 8th of February, 1883, he applied to defendant for a warrant on the treasury of the county in the sum of $416.66 as the amount of his salary for the preceding month. Defendant refused to draw the warrant for the amount demanded, or, as alleged in the complaint, "for any amount whatever." There is, however, no averment in the complaint that plaintiff *demanded* a warrant for a less sum than $416.66, and in his answer defendant offers to draw a warrant for plaintiff's salary at the rate of $2,700 dollars per annum.

The court below denied the writ of mandate, and dismissed plaintiff's application therefor.

The cause was argued here, by counsel for both parties, on the *assumption* that the matters set forth in the answer as facts are true.

On the 18th day of March, 1876, the act following was approved:—

"SECTION 1. Humboldt County is hereby constituted a county of the second class, within the meaning of and for the purposes designated by section four thousand and twenty-two of the Political Code.

"SEC. 2. The board of supervisors of Humboldt County must redistrict said county into five supervisor districts, as nearly equal in population as may be. At the first election hereafter, at

which any supervisor is by law to be elected, supervisors must be elected for each new district, to be created by virtue hereof." (Stats. 1875–76, p. 333.)

It is contended on the part of plaintiff that the statute of February 28, 1876, on which he relies, provides for a salary to be paid the *county clerk* " in full for all services required of and to be performed by *him*," and that the specification of duties which precedes this provision cannot take from the language quoted any of its force or meaning. It is also argued that because some duty formerly performed by the clerk has, without the consent of that officer, been imposed by an inferior board upon another person, it does not follow that such board can deprive the clerk of any portion of his salary. That the law only authorizes the supervisors to fix the compensation of a county officer, not fixed by the Political Code, or by general or special laws. (Pol. Code, § 4046.)

On the part of defendant (respondent here) it is contended :—

1st. The offices of clerk, recorder, and auditor are distinct offices, though held by the same person by virtue of an election to one. (*People* v. *Durick*, 20 Cal. 94.)

2d. At the date of the passage of the Act of 1876, the same person was required to fill all the offices named, in the county of Humboldt, and, in view of the existing state of facts — taken in connection with the language of the act itself — the intention of the legislature is manifest to fix the compensation of $5,000, not for the discharge of the duties of clerk alone, but for the discharge of the duties of recorder and auditor as well.

3d. The clerk having ceased to be recorder and auditor, the law which fixed a compensation for all his services, as clerk, recorder, and auditor, must be held to have ceased to have a practical operation. A law must be applied according to its manifest intent, and a thing even within the *letter* is without the statute if without the *intention*.

We think the positions of defendant well taken. In 1810, the Congress of the United States passed an act fixing the salary of consul at Algiers at $4,000 a year. Algiers became a province of France, and most of the powers and duties of the consul at Algiers, as prescribed by the act which authorized his salary, ceased. In *Mahoney* v. *United States*, the Supreme Court

of the United States said: "When the act was passed Algiers was a part of one of the Barbary States of that name, and it is evident from an examination of its provisions, that the act was intended to apply to a consulate at that place, only so long as it belonged to one of the Barbary powers." (10 Wall. 65.)

Here, when the Act of 1876 was passed, there was a person who was discharging the duties of clerk, recorder, and auditor, and unless subsequent legislation should require otherwise, one person would continue to fill the three separate offices. It was to this condition of things that the law was made applicable, and the compensation provided by it was provided as compensation to the clerk, the recorder, and the auditor. The law did not determine how much should be paid to each of the three officers —a matter of no consequence so long as the three offices were in one man. But when the organization of the county government was changed, and the person who was clerk was not auditor nor recorder, it is clear that no one of the three officers was entitled to receive the compensation intended for the three; and as the Act of 1876 did not provide for the event, the act, by force of its own expressions, became inoperative when the event occurred.

As there was no operative law fixing the compensation of the county clerk after Humboldt became organized as a county of the second class, the board of supervisors had authority to fix the compensation of that officer. (Pol. Code, § 4046, subd. 18.)

Judgment affirmed.

MORRISON, C. J., ROSS, J., SHARPSTEIN, J., THORNTON, J., MYRICK, J., and McKEE, J., concurred.