[No. 8,776.  In Bank.—June 27, 1884.]

## J. S. EMERY, APPELLANT, *v.* GEORGE W. REED, RESPONDENT.

CONSTITUTIONAL LAW—CONSTRUCTION BY LATE SUPREME COURT.—Where the Supreme Court of the State, prior to the adoption of the new Constitution, passed upon the constitutionality of an act of the legislature, the construction will be accepted and followed by the present Supreme Court, without regard to its own views as to the correctness of that construction.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. A. Moore, A. C. Adams,* and *P. J. Van Loben Sels,* for Appellant.

*Cope & Boyd, J. M. Taylor, Lloyd Baldwin,* and *J. C. Martin,* for Respondent.

The COURT.—The constitutionality of the act entitled "an act to authorize the city of Oakland to construct a main sewer," approved March 23, 1874 (Stats. 1873-74, p. 530), was directly attacked in the case entitled *Snyder* v. *Johnson,* No. 6,016, and in that case this court, in the year 1878, held the act valid. We have frequently said that, with respect to laws passed under the late Constitution, the construction put upon them by the highest court in existence under it, would be accepted by us without regard to our own views in respect to the correctness or incorrectness of that construction.

Judgment and order affirmed.

SHARPSTEIN, J., concurring.—Without expressing any opinion on the question discussed in the leading opinion, I concur in the affirmance of the judgment, on the ground that appellant has not been deprived of a hearing upon any question on which the legislature could have given him a hearing. Under the act which authorized his assessment to be made, it was the duty of the city council each year to ascertain the amount required to pay the interest on the sewer bonds, and of the assessor to assess the lands liable therefor *equally,* according to area, for such amount. If the assessor failed to assess said lands *equally,*

*according to area,* the inevitable result would be a void assessment, under which the owner of any land so erroneously assessed could not be deprived of his property. In case of assessments for general municipal purposes, it is only on the question of *valuation* that a tax payer of said city can have a hearing before the assessment on his property becomes final. Here no such question arises or can arise. The only questions which could possibly arise in this case are questions upon which a tax payer, under the charter of said city, could have no hearing before the board of equalization. If this assessment was not made as the law required it should be, it was void. In case of over valuation, an aggrieved party would be concluded by not appearing before the board of equalization, or by the determination of that board if he did appear before it. It was important, therefore, that he should have such notice as would enable him to appear if he desired to. In that case he might be prejudiced if no notice was given. In this case he could not be prejudiced by the omission to give notice. The assessment, if made in the manner prescribed by the statute, would be valid, otherwise void. And the appellant was not, and could not, be deprived of the right to show that it was not made according to law, whether he had notice or not. He was entitled in this action to attack the validity of the assessment on any ground upon which he could have contested its validity, if the law had provided, as counsel contended it should, some board or tribunal before which he might appear and contest its validity.

He is not deprived of "his day in court." If the assessment is not valid it cannot be enforced. He has had an opportunity to contest its validity, and that is the only question he could have ever contested. I know of no constitutional provision to which this statute is repugnant.

Rehearing denied.