76 113<br>140 332

[No. 11136. Department One. — May 10, 1888.]

## S. M. SWINNERTON, APPELLANT, v. MONTEREY COUNTY, RESPONDENT.

COUNTY — EMPLOYMENT OF ATTORNEY — DISCHARGE — CONTINGENT COMPENSATION. — An attorney at law employed by a county to prosecute an action against a county official for the purpose of recovering money claimed to be illegally retained, under an agreement whereby his compensation is made contingent upon the result of the litigation, upon being discharged before the termination of the action, is not entitled to recover any damages for the breach of the contract of employment, when it appears that the action in which he was retained ought not to have terminated in favor of the county, if it had been prosecuted to final judgment.

MONTEREY COUNTY — COMPENSATION OF TAX COLLECTOR. — The act of March 1, 1872, provided that the tax collector of Monterey County should receive a certain percentage on the collections made for state and county taxes, as compensation for his services. The act of March 16, 1872, provided that the sheriff of the county, for such services, should receive a higher

LXXVI. CAL.—8

percentage. The latter act repealed all acts in conflict therewith. At the time of the passage of these acts, the sheriff was *ex officio* the tax collector. Subsequently the offices were made separate. *Held,* that after the separation of the offices, the tax collector was entitled to receive the percentage provided in the act of March 16, 1872.

APPEAL from a judgment of the Superior Court of Monterey County.

The action was brought to recover damages for the breach of a contract whereby the plaintiff was employed, as an attorney at law, to prosecute certain actions. The further facts are stated in the opinion of the court.

*S. M. Swinnerton,* and *S. L. Cutter,* for Appellant.

*R. M. F. Soto,* and *Herrmann & Soto,* for Respondent.

McKINSTRY, J.—W. V. McGarvey was tax collector of Monterey County for two years from the first Monday in March, 1878, and U. Hartnell held the same office from the first Monday of March, 1880, to the first Monday of January, 1883.

The plaintiff herein, an attorney at law, claims to have entered into a contract with the defendant whereby he was employed to collect commissions unlawfully retained by the tax collectors of the county, the county agreeing to pay him for such service thirty per cent of the amount he should recover and collect; that under such employment he commenced actions against tax collectors McGarvey and Hartnell, and their respective bondsmen, to recover commissions illegally retained by them; but that, after the commencement of said actions, the board of supervisors (by order in regular form) directed the district attorney to dismiss the actions, which was done, and that the county thereby prevented him from earning the thirty per cent he would have recovered had he been permitted to prosecute the suits.

Passing all other questions, the plaintiff ought not to recover in this action if he could have recovered nothing

for the county, in case he had prosecuted to judgment the actions against McGarvey and Hartnell. He could have recovered nothing unless the commissions sued for were illegally retained or paid to the tax collectors named.

There is no dispute here as to the amounts retained by the two tax collectors. And it must be conceded that if the act of March 16, 1872 (Stats. 1871–72, p. 419), fixed the compensation of the tax collector when McGarvey and Hartnell were in office, each of them was entitled to retain or to receive the sum by each retained.

The act of March 1, 1872 (Stats. 1871–72, p. 178), provided that the tax collector of Monterey should receive for collections of state and county taxes four per cent on the first ten thousand dollars, two per cent on all amounts over ten thousand dollars and less than twenty thousand dollars, and one and one half per cent on all moneys over twenty thousand dollars. By the act of March 16, 1872, it was enacted that the sheriff of Monterey should receive six per cent on the first ten thousand dollars collected for state and county taxes, four per cent on all over ten thousand dollars and less than twenty thousand dollars, and two per cent on any amounts more than twenty thousand dollars. The last act repealed all acts in conflict therewith.

When the acts mentioned were passed, the sheriff of Monterey County was *ex officio* the tax collector. Subsequently, and before the incumbency of McGarvey or Hartnell, the offices were made separate.

It was urged by appellant that the percentages to be received by McGarvey and Hartnell, as tax collectors, were determined by the act of March 1, 1872.

The contention is based on the proposition that in the act of March 16, 1872, the "sheriff" is named as the recipient of the percentages. But the sheriff was the tax collector. The offices of sheriff and tax collector, though held by the same person, were separate and distinct

offices. (*People* v. *Ross*, 38 Cal. 76; *People* v. *Kelsey*, 34 Cal. 470; *Lathrop* v. *Brittain*, 30 Cal. 680.) The act of March 16th fixed the percentages to be allowed the tax collector for collecting the taxes,—fixed them no less because it called the tax collector "sheriff." The title of an act does not control the plain meaning of the body of the act,—a statute must be construed with reference to the objects to be accomplished by it. A thing clearly within the intention of a statute is within the statute. (*Pierpont* v. *Crouch*, 10 Cal. 315; *Emery* v. *Reed*, 65 Cal. 351; *Burr* v. *Dana*, 22 Cal. 20; *Kinsey* v. *Kellogg*, 65 Cal. 114, 115.)

Judgment affirmed.

PATERSON, J., and TEMPLE, J., concurred.