## FLETCHER v. KELLOGG.*

(Court of Appeals of District of Columbia. Submitted December 2, 1924. Decided February 2, 1925. Rehearing Denied February 21, 1925.)

No. 4102.

Attorney and client ⬤=134(2)—Attorney held not entitled to recover on quantum meruit, when contract providing for fee was terminated.

Attorney, who for·more than two years unsuccessfully endeavored to increase client's interest in particular estate, pursuant to contract providing for contingent fee, *held* not entitled, on client's termination of contract, to recover on quantum meruit for services rendered, nor for traveling and living expenses incurred.

Appeal from the Supreme Court of the District of Columbia.

Suit by Sherman Kellogg against Edmund C. Fletcher, prosecuted after plaintiff's death in the name of his executor, Percy Kellogg. Decree for plaintiff, and defendant appeals. Affirmed.

See, also, 2 F.(2d) 315; 55 App. D. C. 354, 6 F.(2d) 479.

E. C. Fletcher and E. S. McCray, both of Washington, D. C., for appellant.

W. C. Clephane, J. W. Latimer, and G. L. Hall, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ·ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This suit was begun by Sherman Kellogg, since deceased, as plaintiff, against Edmund C. Fletcher, as defendant, for an accounting and for equitable relief in respect to numerous charges of indebtedness in dispute between them. The issues were referred to the auditor, and in conformity with his findings the court entered a decree in favor of the plaintiff and against the defendant, in the sum of $1,574.-45, together with interest and costs, and furthermore decreed the cancellation of a certain promissory note for $1,420.98, signed by the plaintiff and held by the defendant, and perpetually enjoined the defendant from prosecuting the certain case begun by him in the Supreme Court of the District for its collection. The defendant appealed from the decree.

It appears that William Pitt Kellogg, a resident of the District of Columbia, died testate on August 10, 1918, leaving neither widow nor lineal descendant surviving him, and that his last will and testament was admitted to probate by the Supreme Court of the District sitting in probate. The will consisted of six items. Items 1, 2, and 6 provided for the appointment and compensation of an executor, and for the erection of a certain monument; item 3 bequeathed variouš sums, aggregating about $40,000, to certain designated individuals and institutions; item 4 provided that certain real and personal property, since estimated at a value exceeding $250,000, should be held by a trustee for the benefit of certain nieces and a nephew of the testator's wife, during their natural life, and upon their decease should become part of the residuary· estate of the decedent; and item 5 provided that the residue and remainder of the estate should be divided among the testator's heirs at law and next of kin according to the statutes in force in the District of Columbia relating to the descent of real estate and the distribution of the personal estates of intestates.

The plaintiff, Sherman Kellogg, was a surviving brother of the decedent, and one of the residuary legatees and devisees under item 5 of the will. He was a farmer, then about 85 years of age, residing in the state of Kansas. The defendant, Edmund C. Fletcher, was an attorney at law of Kansas City, Mo., but at the time of the testator's decease was an employee of the War Labor Board at the city of Washington.

On October 2, 1918, the plaintiff gave to the defendant a written· power of attorney, authorizing him to act for plaintiff and on his behalf in all matters pertaining to his interest in the said estate, involving the examination of questions affecting his financial interest therein, but without authority to institute any suit or action at law in any court for or on behalf of the plaintiff, unless the consent of the latter should first be obtained. Afterwards, to wit, on April 15, 1919, the parties entered into a written contract whereby the plaintiff employed the defendant to render such legal services for him and on his behalf as might be deemed necessary to secure for him his full part and portion of the estate, authorizing the defendant to institute in his name such actions at law, in the courts of the District of Columbia or elsewhere, as should be deemed necessary and beneficial to his interests in the estate, with authority also to dismiss; settle, or compromise any such action or actions when brought, first, however, informing the plaintiff of the terms of such settlement. The defendant was to be compensated by a contingent fee equal to 50

*Certiorari denied 46 S. Ct. 18, 69 L. Ed. —.

per cent. of whatever money or property he should obtain for the plaintiff, either by suit or compromise, over and above and in addition to that which he was entitled to receive under the residuary item of the will. It was expressly stipulated in the contract that defendant's fees were to be "taken exclusively from the sums of money or property mentioned in the other items of said will, * * * it being specifically understood and agreed that second party shall be entitled to no fees under the terms of this contract unless he shall recover for first party money or property over and above and in addition to that which first party is now entitled to under the terms of said last will and testament of William Pitt Kellogg, deceased." It was also stated in the contract that the plaintiff was then indebted to the defendant, for services rendered and money expended under the first arrangement, in the sum of $1,600. A note was then given by the plaintiff for that sum, and later was fully paid.

The parties accordingly proceeded under the terms of the written contract until December 4, 1920, when the plaintiff notified the defendant that he would proceed no further under it, and that he therefore canceled it and desired that defendant should take no further steps under it. In answer the defendant at once telegraphed the plaintiff that he would not accept a cancellation of the contract unless paid the sum of $25,000, or given a quitclaim deed covering the real estate described in item 4 of the will, including an assignment of rentals thereon since August 10, 1918. No settlement was effected by the parties, and the defendant claims that the plaintiff, by thus canceling the contract, prevented him from completely performing it, thereby earning the contingent fee promised by it, and consequently that he is entitled to recover upon a quantum meruit for the services actually performed by him under the contract. This claim is disputed by the plaintiff, and is the chief issue in the case.

It appears that at the date of the contract the defendant had not been admitted to practice law within the District of Columbia, but he was afterwards admitted and began a series of legal proceedings in the name of the plaintiff. On May 9, 1919, he filed a caveat to contest the decedent's will, but after a trial he consented to a verdict sustaining the will. He also filed exceptions to the first account of the executor, and these were heard by the court, but the record fails to show any benefit resulting to the plaintiff from them. On April 29, 1920, he instituted a suit in the

Supreme Court of the District for a construction by the court of item 4 of the will, but the court dismissed the suit upon the ground that the plaintiff lacked standing for the purposes of the case. He appealed the cause in the plaintiff's name to this court, but before it was heard the cancellation of the contract occurred, and the plaintiff applied for a dismissal of the appeal. The defendant, however, claimed a right to proceed with the appeal, and the court permitted him to do so at his own costs. Kellogg v. Winchell et al., 273 F. 745, 51 App. D. C. 17, 16 A. L. R. 1159. After a hearing the court affirmed the decree of the lower court, and assessed the costs in part upon the defendant. Kellogg v. Winchell et al., 276 F. 463, 51 App. D. C. 95.

During the existence of the contract the defendant, as attorney for Isaiah S. Coomes, one of the devisees under the residuary item of the will, commenced a partition suit in the Supreme Court of the District for a sale by trustees of the various parcels of real estate devised by that item, and a division of the proceeds among the parties as their interests might appear. The present plaintiff was made a party defendant in the case. Afterwards Coomes dismissed the defendant as his attorney, whereupon the latter entered himself in the case as attorney for this plaintiff. The trial court refused to assess a counsel fee for defendant as part of the costs of the case, and he appealed upon that issue to this court, which affirmed the decree of the lower court. Fletcher v. Coomes et al., 285 F. 893, 52 App. D. C. 159. On November 25, 1921, almost a year after the cancellation of the contract, the defendant commenced a suit in the name of the plaintiff in the Supreme Court of the District, seeking a decree declaring item 4 of the will to be void. Upon motion of the plaintiff, the court dismissed the suit. The defendant claims compensation for his foregoing services in the aggregate sum of $39,390, also $2,243.15 for railroad fares and living expenses while performing the services, and $693.87 for moneys expended by him for court costs and similar expenses.

These demands, together with certain other items of account arising from the financial relations of the parties, were duly referred to the auditor for a hearing and report. The auditor reported, disallowing each and all of the defendant's claims for compensation, also his claims for railroad fares and living expenses, but allowed the sum of $693.87 for court costs and similar charges,

and the sum of $950.82 for credits arising out of other financial transactions. The auditor found the defendant indebted to the plaintiff for rents collected and other items in an aggregate sum of $3,219.14, thus leaving a net balance of $1,574.45 due to the plaintiff from the defendant. It appears from the testimony that the defendant in the course of these transactions induced the plaintiff to execute and deliver to him a promissory note in the sum of $1,420.98, which was without consideration, and that defendant had begun an action in the Supreme Court of the District against the plaintiff to recover judgment upon it. The lower court approved the report of the auditor, and accordingly entered a decree against the defendant in the sum of $1,574.45, with interest and costs, and also decreed a cancellation of the promissory note for $1,420.-98 above mentioned.

We agree with the finding and report of the auditor, and affirm the decree entered below. Under the express and specific terms of the contract the defendant was to receive no compensation for his services, unless he should recover for the plaintiff money or property over and above and in addition to that which the plaintiff was entitled to under the will as probated. In case of such a recovery, either in money or property, the defendant would be entitled to receive a fee equal to 50 per cent. of its amount or value. The defendant accordingly was entitled to a reasonable time and opportunity to take proper action, whether by court proceedings or compromise, in order to secure for the plaintiff his full rights in the estate, and thereby earn the contingent fee provided by the contract. This opportunity was fully given him. The employment of the defendant by the plaintiff actually began on October 9, 1918, when he was first authorized to act for the plaintiff in all matters pertaining to the estate, and to examine questions affecting the plaintiff's financial interests therein, although without authority to bring suits, except with plaintiff's express consent. This employment continued from October 9, 1918, until April 15, 1919, when the plaintiff paid the defendant $1,600 for his services

under it. The second contract was executed on April 15, 1919, and was continued until December 4, 1920, a period of more than a year and a half. During that time the defendant not only failed to increase the plaintiff's interest in the estate, but he effectually demonstrated his utter inability to do so. He explains the failure of the caveat proceedings against the will by the statement that after they were begun he learned of the existence of prior wills executed by the testator, which were less favorable to the plaintiff than the contested one. In fact, however, the contest was not sustained by sufficient evidence to justify him in commencing such a proceeding.

The defendant's contention that item 4 of the will was void for want of effective terms of devise or transfer is manifestly erroneous. Peter et al. v. Beverly, 10 Pet. 532, 9 L. Ed. 522; Griffith v. Stewart, 31 App. D. C. 29; Wilson v. Snow, 228 U. S. 217, 33 S. Ct. 487, 57 L. Ed. 807, 50 L. R. A. (N. S.) 604; 3 Pomeroy, Equity Jurisprudence (1905 Ed.) par. 1009. At the time of the cancellation of the contract, the defendant had no effective proceeding to propose in behalf of the plaintiff, and the latter was not bound to permit him to indulge in useless litigation in his name, with the result of increasing the costs of administering the estate and actually diminishing the plaintiff's interest therein. The plaintiff consequently was justified in terminating the arrangement, and, since the defendant's fee was contingent upon success, he cannot now recover compensation for his unsuccessful efforts. Merchants' National Bank v. Eustis, 8 Tex. Civ. App. 350, 28 S. W. 227, 230; Swinnerton v. Monterey County, 76 Cal. 113, 18 P. 135.

This conclusion applies, also, to the defendant's charges for traveling and living expenses, which, moreover, were not chargeable to the plaintiff under the contract. The lower court was fully justified in decreeing a cancellation of the promissory note for $1,420.98, since this was necessary in order to do complete and final equity between the parties under the issues.

The decree is affirmed, at the costs of the appellant.