**Edmond C. FLETCHER, Objector, Appellant, v. Percy KELLOGG, Executor of the Estate of Sherman Kellogg, Deceased, Appellee.**

(Court of Appeals of District of Columbia. Submitted December 3, 1924. Decided February 2, 1925. Motion for Rehearing Denied February 21, 1925.

No. 4125.

Appeal from the Supreme Court of the District of Columbia.

See, also 2 F.(2d) 315; 55 App. D. C. 351, 6 F.(2d) 476.

E. C. Fletcher, of Washington, D. C., in pro. per.

W. C. Clephane, J. W. Latimer, and G. L. Hall, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This appeal relates to a decree entered by the Supreme Court of the District of Columbia in a certain partition case entitled Isaiah S. Coomes v. Fred A. Winchell et al. The plaintiff and the defendants in that case were owners in common of certain real and personal property situate within the District, and the suit was brought for the purpose of procuring a sale of the property and a division of the proceeds among the parties. Sherman Kellogg, since deceased, was a defendant in the case, being the owner of an undivided interest in the property. The appellant, Edmond C. Fletcher, is an attorney at law, who appeared in the suit as attorney for Kellogg, but whose authority to do so was rescinded by the latter before the termination of the case. Whereupon the court, upon Fletcher's application, permitted him to intervene for the purpose of asserting a lien upon Kellogg's interest, in order to secure the payment of counsel fees alleged to be due him for services already performed in the case. At the same time it was ordered that the sum of $4,000 should be withheld from the distributive share of Kellogg, in order to satisfy the claim of Fletcher, should any sum be found due to him.

While this suit was pending, another suit was begun in the same court by Kellogg against Fletcher for an accounting in respect to various claims of indebtedness which were in dispute between them, including the foregoing claim for counsel fees. The latter case came first to trial, and the court found that Kellogg was not indebted to Fletcher in any sum whatever for such fees. Accordingly a final decree was entered against Fletcher upon that issue, and consistently therewith it was ordered in the other case that the certain $4,000 which had been withheld from Kellogg should be paid over to him.

These two decrees have been appealed by Fletcher to this court, the present appeal arising from the partition case; the appeal in the other case being docketed in this court as suit No. 4102, entitled Edmond C. Fletcher, appellant, v. Percy Kellogg, Executor of the Estate of Sherman Kellogg, deceased, appellee, 6 F.(2d) 476. In the case last named this court, in an opinion handed down concurrently herewith, has affirmed the decree of the lower court, holding that Kellogg was not indebted in any sum whatever to Fletcher for counsel fees as claimed by him. In view of that decision it is not necessary for us now to decide whether the appellant possessed such standing in the court below as to entitle him to take this appeal; for, consistently with our opinion in suit No. 4102, the decree below should be, and it hereby is, affirmed, at the costs of the appellant.